UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.  3:07CV-613-J

PATRICIA MORRIS                                                                                           PLAINTIFF

VS.

MICHAEL J. ASTRUE, Commissioner of                                                      DEFENDANT
    Social Security

MEMORANDUM OPINION

Before the Court is the complaint of  ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g).  After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

PROCEDURAL HISTORY

On January 3, 2005, Claimant filed application for disability insurance benefits, alleging that she became disabled as of June 17, 2004.[1]  After a hearing, Administrative Law Judge William G. Reamon ("ALJ") determined that claimant's degenerative disc disease of the lumbar spine, heel pain, status-post remote right Achilles tendon repair and spurs, obesity, and dysthymia were severe impairments that prevented her from performing any of her past relevant work.  This became the final decision of the Defendant when the Appeals Council denied review on September 27, 2007.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence

---

[1] A previous adverse determination was dated June 16, 2004.

1

supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that this matter should be remanded for the consideration of new evidence in the form of a medical opinion that her condition had deteriorated since the 2004 administrative decision. Dr. Lehmann examined Ms. Morris for the first time on May 15, 2007. Dr. Lehmann recommended that plaintiff "avoid sitting, bending and lifting." Tr. 417.

Because the examination occurred after the December 2006 decision, and was not available to the ALJ, it cannot be considered in our review of the record as a whole. Cline v. Comm'r of Social Security, 96 F.3d 146, 148 (6th Cir.1996).[2] The Court can only consider whether Dr. Lehmann's opinion calls for remand so that the ALJ can consider the evidence.

A plaintiff seeking remand for consideration of additional evidence bears the burden of showing that remand is proper. Willis v. Secretary, 727 F.2d 551 (6th Cir. 1984). 42 U.S.C. Sec. 405(g) provides that a district court may remand for consideration of additional evidence only upon a showing of new evidence that is material "and that there is good cause for the failure to incorporate such evidence into the record" previously. New evidence must indeed be new; it cannot be

---

[2] The Court notes that while this examination occurred prior to the September 2007 Appeals Council action, plaintiff did not attempt to present the evidence to the Appeals Council.

cumulative of evidence already in the record. See <u>Szubak v. Secretary of Health and Human Servs.</u>, 745 F.2d 831, 833 (3d Cir.1984), cited in <u>Robertson v. Shalala</u>, 91 F.3d 144 (6th Cir. July 8, 1996). New evidence is material when the movant shows a reasonable possibility that the evidence would have changed the outcome of the ALJ's decision. See <u>Sizemore v. Sec'y of Health & Human Servs.</u>, 865 F.2d 709, 711 (6th Cir.1988).

There are a number of reasons why the Court believes this "new evidence" is not material. Dr. Lehmann had never seen Ms. Morris prior to the May 2007 visit. His opinion recites her subjective reports, including her statement that her condition had "gotten progressively worse" since 2003, her statement that she would prefer "to sit rather than stand if she had to do one or the other for a prolonged period of time," and her statement that conservative treatment had failed to help her. Tr. 416. The physician recorded her report that she had "gained 100 pounds since 2002" (Tr. 417), but there is no mention of the fact that her weight at the time of the examination was almost the same as her weight at the time of the 2004 ALJ decision, showing no significant change between the times of the two ALJ decisions. Dr. Lehmann's restriction against all lifting conflicts with Ms. Morris' own report of her capacity for lifting. Significantly, Dr. Lehmann explains that his severe restrictions were based on plaintiff's subjective reports – "severity of her pain," "inability to sleep," "inability to travel," and failure to "respond to conservative measures." Tr. 417. Movant has failed to show any reasonable possibility that Dr. Lehmann's opinion would have changed the outcome of the ALJ's decision.

Plaintiff has cited several arguments in support of her claim that the decision should be reversed. The ALJ noted the constraints imposed by <u>Drummond v. Commissioner of Social Security</u>, 126 F.3d 837 (6th Cir. 1997): Where, as in the case of this claimant, there is a previously

adjudicated residual functional capacity, the ALJ is bound by that adjudication unless there is new and additional evidence of change in circumstances. The ALJ examined the evidence and concluded, "there is no evidence of any significant change affecting the claimant's condition since the issuance of the prior hearing decision." Tr. 18.

Plaintiff argues that the ALJ committed reversible error, misapplying <u>Drummond</u> to the facts of this case. The basis for this argument is a difference between the severe impairments identified in the June 16, 2004 decision, and those identified on the current adjudication. Specifically, plaintiff notes that "obesity" was not included in the 2004 list of severe impairments, but it is included in the current list, and what was described as "mild depression" in 2004 is now labeled "dysthymia."

Significantly, plaintiff does not contend that her obesity imposes greater restrictions on her now than it did in 2004 or that her mental impairment affects her differently now than it did in 2004. Thus, her argument essentially is that because the ALJ mentioned <u>Drummond</u>, and then proceeded to list the impairments somewhat differently from the previous decision, the Court is required to remand the case for further proceedings. Accepting such an argument would require the Court to ignore the actual significance of <u>Drummond</u> and to elevate form over substance. Consider what an ALJ would be asked to do upon remand: S/he would be required to examine the evidence and determine whether either plaintiff's obesity or a renaming of her mental impairment caused a deterioration in her physical capacity after mid-2004. As it is apparent that this analysis has already occurred, the Court cannot agree that the ALJ has committed an error of law by his attention to <u>Drummond</u>. Most significantly, plaintiff is unable to point to any medical evidence indicating either that her obesity worsened between the times of the two hearings, or that any additional limitations have been imposed as a result of her obesity. While counsel has suggested ways in

which obesity might limit an individual, the medical records do not reflect that any such restrictions have been identified in Ms. Morris' case. The Court finds no merit to the claim of legal error in the application of Drummond. Thus, the Court returns to the relevant inquiry: Does substantial evidence support the ALJ's conclusion that there has been no significant change affecting the claimant's condition since the issuance of the prior hearing decision?

Plaintiff argues that there has been a deterioration with respect to her mental impairments. There are two aspects to this argument. First, there is the question of whether the renaming of her mental impairment represents a deterioration. The previous decision identified "panic disorder with mild depression." Tr. 45. At the hearing, however, plaintiff testified that the anxiety component of her mood disorder is new. Whether this represents a change from "panic disorder" is not relevant, because she further testified that the anxiety is controlled by medication. Tr. 490-491. Thus, this would not appear to represent a deterioration in her functioning.

Second, plaintiff points to the restrictions imposed by consultant Dr. Kodali, who stated that plaintiff would be limited to low stress work with simple one to two step tasks. Tr. 214. The ALJ noted that the State Agency physicians believed Ms. Morris was capable of "simple, low-stress and routine types of jobs." Tr. 23. The previous (2004) decision adopted the medical opinion that plaintiff could "maintain adequate attention to complete simple repetitive tasks," and "understand basic work instructions." Tr. 42. Plaintiff questions whether the "1-2 step tasks" limitation is greater than the limitations identified in 2004. The Court believes this question is adequately answered by looking at the remainder of Dr. Kodali's opinion, which explained that Ms. Morris could not perform "complex tasks." Tr. 214. The Court perceives no implication of deterioration in functioning based on comparison of Dr. Kodali's language with the language adopted in 2004.

5

Finally, plaintiff argues that the ALJ erred in evaluating testimonial credibility. SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529©) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;

3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, received for relief of pain or other symptoms;

6) Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

The ALJ found Ms. Morris' credibility lacking for several reasons. First, he cited the lack of evidence of any significant change affecting her impairments. He noted her lack of compliance as to compression stockings and use of her CPAP therapy. He noted that she has not reported to her

doctor regarding any increased daytime sleepiness. He noted that her treatment had been essentially conservative, and he noted the absence of any work restrictions from any treating source (other than the podiatrist, regarding a readily treatable heel spur condition). Tr. 22. The Court finds no error with regard to the evaluation of credibility.

As there is no error of law, and as substantial evidence supports the ALJ's decision, the Court must affirm. An order in conformity has this day entered.